Steven D. Turner, CSB # 172852
sturner@jonesturner.com
Jeffrey N. Gesell, CSB# 200174
jgesell@jonesturner.com
JONES TURNER, LLP
100 Pacifica, Suite 210
Irvine, California 92618
Telephone: (949) 435-4100
Facsimile: (949) 435-4105

Attorneys for Defendant
CALPACO PAPERS, INC.

FILED
2009 APR 28 PM 1:03
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CALPACO PAPERS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PENTAIR, INC., a Minnesota corporation; PENTAIR WATER TREATMENT COMPANY, a Minnesota corporation; PENTAIR WATER LLC, a Minnesota Company; MCMASTER-CARR SUPPLY COMPANY, an Illinois corporation, PENTAIR FILTRATION, INC., a Delaware Corporation,<br><br>Defendants. | Case No. CV 09 - 02958 DSF JWJx<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff CALPACO PAPERS, INC., (hereinafter, "Calpaco") alleges as follows:

**JURISDICTION**

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has jurisdiction to hear the claims alleged in this Complaint and is a court of competent jurisdiction to grant the relief requested.

-1-

COMPLAINT FOR DAMAGES

## VENUE

2. Venue is proper in this district under 28 U.S.C. §§ 1391(a)-(c), in that a substantial part of the events on which the claim is based occurred in Mira Loma, California. Venue is proper in this district, moreover, in that all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced, and there is no district in which the action may otherwise be brought.

## PARTIES

3. At all times relevant hereto, Plaintiff Calpaco was and is a corporation formed and existing under the laws of the State of California. The principal place of business for Calpaco was and is located in Mira Loma, California. At all times relevant hereto, Calpaco was and is authorized to do business and was doing business in the State of California and the County of Riverside.

4. Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant PENTAIR, INC. (hereinafter, "Pentair") was and is a corporation formed and existing under the laws of the State of Minnesota. Calpaco is further informed and believes and on that basis alleges that at all times relevant hereto, the principal place of business for Pentair was and is located in Golden Valley, Minnesota.

5. Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant PENTAIR WATER TREATMENT COMPANY (hereinafter, "Pentair Water Treatment") was and is a corporation formed and existing under the laws of the State of Minnesota. Calpaco is further informed and believes and on that basis alleges that at all times relevant hereto, the principal place of business for Pentair Water Treatment was and is located in Golden Valley, Minnesota.

6. Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant PENTAIR WATER LLC (hereinafter, "Pentair Water") was and is a corporation formed and existing under the laws of the State of Minnesota. Calpaco is further informed and believes and on that basis alleges that at

all times relevant hereto, the principal place of business for Pentair Water was and is located in Golden Valley, Minnesota.

7. Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant PENTAIR FILTRATION, INC. (hereinafter, "Pentair Filtration") was and is a corporation formed and existing under the laws of the State of Delaware. Calpaco is further informed and believes and on that basis alleges that at all times relevant hereto, the principal place of business for Pentair Filtration was and is located in Sheboygan, Wisconsin.

8. Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant MCMASTER-CARR SUPPLY COMPANY (hereinafter, "McMaster-Carr") was and is a corporation formed and existing under the laws of the State of Illinois. Calpaco is further informed and believes and on that basis alleges that at all times relevant hereto, the principal place of business for McMaster-Carr was and is located in Elmhurst Illinois.

9. Unless otherwise alleged, whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants named in the Complaint.

10. Unless otherwise alleged, whenever reference is made in this Complaint to any act of any corporate or other business Defendant, such allegation shall mean that such corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives who were acting within the actual or ostensible scope of their authority.

11. At all relevant times alleged in this Complaint, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of its actual or ostensible authority.

## FACTS

12. Calpaco is involved in the business of purchasing and selling paper products.

13.     Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant Pentair was and is involved in some manner in the design, manufacture, fabrication, assembly, installation, inspection, testing, modification, supply, distribution and/or other handling of a water filter purchased by Calpaco for use on a drinking fountain at its Mira Loma facility (hereinafter "the Pentair Water Filter").

14.     Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant Pentair Water Treatment was and is involved in some manner in the design, manufacture, fabrication, assembly, installation, inspection, testing, modification, supply, distribution and/or other handling of the Pentair Water Filter.

15.     Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant Pentair Water was and is involved in some manner in the design, manufacture, fabrication, assembly, installation, inspection, testing, modification, supply, distribution and/or other handling of the Pentair Water Filter.

16.     Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant Pentair Filtration was and is involved in some manner in the design, manufacture, fabrication, assembly, installation, inspection, testing, modification, supply, distribution and/or other handling of the Pentair Water Filter.

17.     Calpaco is informed and believes and on that basis alleges that at all times relevant hereto, Defendant McMaster-Carr was and is involved in some manner in the supply, distribution and/or other handling of the Pentair Water Filter.

18.     In 2004, in the ordinary course of its business, Defendant McMaster-Carr sold the Pentair Water Filter to Calpaco, for use in Calpaco's Mira Loma facility.

19.     On or about April 29-30, 2006, a crack in the housing of the Pentair Water Filter caused a leak and associated flooding at Calpaco's warehouse facility in Mira Loma, California.

**COMPLAINT FOR DAMAGES**

20. As a result of the April 29-30, 2006 leak and flooding caused by a crack in the housing of the Pentair Water Filter, Calpaco suffered damages, including but not limited to property damage and the interruption of its normal business activities, all in an amount to be established at trial, but in excess of $489,000.

21. The condition of the Pentair Water Filter remained substantially unchanged from the time it was sold by McMaster-Carr to the time it caused the leak and flooding on April 29-30, 2006.

22. Plaintiff Calpaco did not repair, modify, damage, or otherwise physically alter the Pentair Water Filter.

23. Calpaco is informed and believes and thereon alleges that the Pentair Water Filter was defectively designed and/or manufactured and that the housing of the Pentair Water Filter failed due to a design and/or manufacturing defect.

### FIRST CAUSE OF ACTION
(Negligence)

24. Calpaco realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 23 of this Complaint, as though they were fully set forth herein.

25. Defendants, and each of them, had a duty to Calpaco to reasonably and properly design, manufacture, fabricate, assemble, install, inspect, modify, supply, distribute or otherwise handle the Pentair Water Filter and its individual components, and to otherwise act prudently in connection therewith.

26. Defendants, and each of them, breached their duty of care through their negligent acts and omissions in designing, manufacturing, fabricating, assembling, installing, inspecting, testing, modifying, supplying, distributing or otherwise handling the Pentair Water Filter and its individual components, and otherwise acted negligently in connection therewith.

27. As a direct and proximate result of the negligent and careless acts or omissions of the Defendants, and each of them, a crack and/or failure in the housing

of the Pentair Water Filter caused a leak and/or flooding on or about April 29-30, 2006 at Calpaco's Mira Loma Facility. As a result of the April 29-30, 2006 leak and flooding, Calpaco incurred damages as alleged above and as will be established at trial. Defendants are liable to Calpaco for such damages, which are in excess of $489,000.

## SECOND CAUSE OF ACTION

(Strict Product Liability)

28. Calpaco realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 27 of this Complaint, as though they were fully set forth herein.

29. Calpaco is informed and believes and thereon alleges that at all relevant times, the Pentair Water Filter contained one or more design and/or manufacturing defects when it left the Defendants' possession and/or control.

30. Calpaco is informed and believes and thereon alleges that at all relevant times, the Defendants knew or should have known that the Pentair Water Filter contained one or more design and/or manufacturing defects.

31. Calpaco is informed and believes and thereon alleges that at all relevant times, the Defendants knew or should have known that the Pentair Water Filter would be purchased and used without inspection for defects.

32. Calpaco is informed and believes and thereon alleges that at the time of the April 29-30, 2006 flooding, the Pentair Water Filter was in substantially the same condition as when it left the Defendants' possession and/or control, and that any changes made to the Pentair Water Filter between the time it left the Defendants' possession and/or control and the time of the leak and flooding were both reasonably foreseeable to the Defendants and insignificant to the cause of the failure of the Pentair Water Filter and the resulting flooding.

33. Calpaco is informed and believes and thereon alleges that the Pentair Water Filter was used and operated in a way that was reasonably foreseeable to the

Defendants and in the manner intended by the Defendants.

34. Calpaco is informed and believes and thereon alleges that the defect(s) in the Pentair Water Filter were a substantial factor in causing Calpaco's damages.

35. As a direct and proximate result of the Defendants' negligent and/or careless acts or omissions in designing, manufacturing, fabricating, assembling, installing, inspecting, testing, modifying, supplying, distributing or otherwise handling the Pentair Water Filter, a crack and/or failure in the housing of the Pentair Water Filter caused a flooding on or about April 29-30, 2006 at Calpaco's Mira Loma Facility. As a result of the April 29-30, 2006 flooding, Calpaco incurred damages as alleged above and as will be established at trial. Defendants are liable to Calpaco for such damages, which are in excess of $489,000.

## THIRD CAUSE OF ACTION

(Breach of Implied Warranties)

36. Calpaco realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 35 of this Complaint, as though they were fully set forth herein.

37. Calpaco is informed and believes and thereon alleges that the Defendants, and each of them, impliedly warrantied that the Pentair Water Filter and its individual components were fit for the ordinary purposes for which they were used.

38. Calpaco is informed and believes and thereon alleges that the Defendants, and each of them, impliedly warranted that the Pentair Water Filter and its individual components were fit for their particular use and purpose. Calpaco is further informed and believes and thereon alleges that the Defendants, and each of them, knew or had reasons to know the particular purpose for which the Pentair Water Filter was used by Calpaco, and that Calpaco relied upon the Defendants' skill and judgment to select and furnish the Pentair Water Filter.

39. Calpaco is informed and believes and thereon alleges that said

Defendants, and each of them, breached their implied warranties as referenced above and that the Pentair Water Filter and its individual components were not suitable for their ordinary, intended, or particular uses and/or purposes.

40. As a direct and proximate result of the aforementioned breach of warranties by the Defendants, a crack and/or failure in the housing of the Pentair Water Filter caused flooding on or about April 29-30, 2006 at Calpaco's Mira Loma Facility. As a result of the April 29-30, 2006 flooding, Calpaco incurred damages as alleged above and as will be established at trial. Defendants are liable to Calpaco for such damages, which are in excess of $489,000.

**PRAYER**

WHEREFORE, Calpaco prays for judgment against the Defendants, and each of them, as follows:

1. For damages according to its proofs at trial but in excess of $489,000;
2. For costs of suit incurred herein;
3. For attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

DATED this 27th day of April, 2009

JONES TURNER, LLP

By _____
Steven D. Turner
Jeffrey N. Gesell
Attorneys for Plaintiff
CALPACO PAPERS, INC.

COMPLAINT FOR DAMAGES